*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| QUAME HERD, | : | |
| | : | Civil Action No. 21-10482 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**WIGENTON**, District Judge:

Presently before the Court are grounds two and three of Petitioner Quame Herd's ("Herd") amended motion to vacate, set aside or correct sentence ("the motion") brought pursuant to 28 U.S.C. § 2255, challenging the sentence imposed upon his conviction in *United States v. Herd*, Criminal Action No. 18-596-SDW-1 (D.N.J.) (hereafter "Crim. No. 18-596") (ECF No. 7). On April 14, 2022, this Court denied Herd's motion in part, reserved on grounds two and three, and ordered the parties to file supplemental briefs. (ECF Nos. 15, 16). Respondent filed a supplemental brief on July 5, 2022. (ECF No. 25). Herd filed a reply brief on October 26, 2022. (ECF No. 31). For the reasons discussed below, this Court denies grounds two and three of the motion, and denies a certificate of appealability. No evidentiary hearing is required because "the motion and the files and records of the case conclusively show that" Herd is not entitled to relief. 28 U.S.C. § 2255(b). Therefore, this Court will determine the motion on the briefs pursuant to Federal Rule of Civil Procedure 78(b).

**I. BACKGROUND**

On October 4, 2018, Herd, represented by court-appointed counsel, Michael J. Pappa, Esq.

("Pappa"), pleaded guilty to an Information charging him with knowingly and intentionally distributing and possessing with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Crim. No. 18-596, ECF Nos. 19, 21, 23). The plea agreement contained a stipulation that the parties did "not agree as to whether Herd qualifies as a career offender for purposes of U.S.S.G. § 4B1.1[,]" and they "reserve[d] the right to argue their respective positions at sentencing." (*Id.*, ECF No. 23 at 8).

In a Presentence Investigation Report ("PSR"), the U.S. Probation Department ("Probation") identified the following four predicate drug offenses that established Herd as a career offender under the Sentencing Guidelines. (PSR, ¶¶ 64, 66, 68, 69).[1] In 2009, Herd was convicted on two separate occasions in New Jersey Superior Court, Essex County, for "distribution on or within 1,000 feet of a school." (PSR, ¶¶ 64, 66). In 2012, Herd was convicted in the New Jersey Superior Court, Essex County for "Possession/Distribution/Manufacturing/ Dispensing of CDS/ New Jersey Superior Court, Essex County." (PSR ¶¶ 68, 69). According to the PSR, Herd's prior convictions resulted in 17 criminal history points, placing him in Criminal History Category VI, before application of U.S.S.G. § 4B1.1. (PSR, ¶ 74). Herd's career offender status increased his base offense level from 12 to 32, resulting in an offense level of 29, after the three-level reduction for acceptance of responsibility. (PSR, ¶¶ 53-62). Therefore, Herd's advisory Guidelines range was 151 to 188 months. (PSR, ¶ 115).

Herd was sentenced on February 19, 2019. (ECF No. 13-2). At the sentencing hearing, Pappa conceded that Herd was a career offender. (*Id.* at 6-7).

---

[1] The PSR is confidential and does not appear on the docket. *United States v. Blanco*, 884 F.2d 1577, 1578 (3d Cir. 1989) ("there is a general presumption that the courts will not grant third parties access to the presentence investigation reports of other individuals").

2

At sentencing, this Court adopted the Guidelines calculations in the PSR, and agreed that Herd was a career offender.  (ECF No. 13-2 at 20).  Based on the need to protect the public, provide just punishment, deterrence, and to avoid unwarranted federal sentencing disparities, this Court determined that a 151-month term of imprisonment, the bottom of the advisory Guidelines range, was the appropriate sentence.  (*Id.* at 21-26).  The Third Circuit affirmed Herd's sentence on January 27, 2020.  *United States v. Herd*, 791 F. App'x 287, 288 (3d Cir. 2020).

This Court has previously denied ground one of the motion, where Herd asserted that his counsel provided ineffective assistance by advising him to reject a more favorable plea offer. (ECF Nos. 15, 16).  In ground two, Herd claims that Pappa was ineffective by failing to challenge Herd's career offender status at sentencing.  (ECF No. 7 at 6).  Herd alleges that Pappa told him no one had been able to obtain police reports for Herd's underlying predicate offenses.  (*Id.* at 32).  Therefore, Herd asserts that he was erroneously designated as a career offender without *Shepard* documents.[2]  (*Id.*)  Herd further claims that none of his prior state convictions are controlled substance offenses under U.S.S.G. §§ 4B1.1 and 4B1.2(b).  (*Id.*)  Herd submits that his prior New Jersey convictions used as predicate offenses for application of the career offender guideline fell under N.J. Stat. Ann. §§ 2C:35-5(a) and 2C:35-7(a).  (*Id.* at 38).  Herd alleges that Pappa conceded in his sentencing memorandum that Herd had two prior felony convictions

---

[2] "[T]the Supreme Court explained that when a statute is "divisible"—i.e., "comprises multiple, alternative versions of the crime"—a sentencing court may look to a limited class of extra-statutory documents to determine which version of the offense was the basis of conviction." *United States v. Brown*, 765 F.3d 185, 189 (3d Cir. 2014), as amended (Nov. 4, 2014).   The extra-statutory documents are often referred to as "Shepard documents." *See e.g.*, *United States v. Volek*, 796 F. App'x 123, 125 (3d Cir. 2019) ("The modified categorical approach permits courts to consult a limited number of *Shepard* documents to determine which elements formed the basis of a prior conviction.")

involving drug offenses, but Pappa failed to examine whether the federal statute and state statutes of conviction were a categorical match. (ECF No. 7 at 34). Herd suggests three reasons why possession with intent to distribute ("PWID") under New Jersey law is not a categorical match to U.S.S.G. § 4B1.2(b): (1) "the mens rea for a PWID offense in New Jersey does not require an actual intent to distribute;" (2) the State of New Jersey defines controlled substances to include controlled substance analog and the federal statute does not; and (3) Herd's prior state offenses of conviction are broader than § 4B1.2(b) because the New Jersey statutes include three drugs that are not included in the Federal Controlled Substance Act. (*Id.* at 34-35). Herd also argues that without the *Shepard* documents, Pappa could not have determined whether Herd was charged with the requisite subjective intent to distribute controlled substances. (*Id.* at 38).

For his third claim of ineffective assistance of counsel, Herd asserts that his appellate counsel, Jeffery Zajac, was constitutionally ineffective by failing to challenge Herd's career offender status on direct appeal. (ECF No. 7 at 8). The Government submits that Pappa's firm hired Zajac, an independent contractor, to conduct legal research and assist with drafting the brief. (ECF No. 13 at 14, n. 3 citing Ex. E at 6). Therefore, this Court will consolidate the ineffective assistance on direct appeal claims, and discuss the claims in a single analysis.

## II. THE SUPPLEMENTAL BRIEFS

Respondent submitted *Shepard*[3] documents relevant to Herd's four prior controlled substance offense convictions and argues that all of the convictions qualify as predicate offenses under U.S.S.G. § 4B1.1, the career offender guideline. (ECF Nos. 25-1, 25-2, 25-3, 25-4, 25-5, 25-6). Based on two separate arrests, Herd has two convictions entered on March 17, 2010, in

---

[3] *Shepard v. U.S.*, 544 U.S. 13 (2005).

New Jersey Superior Court, Essex County, for Possession of CDS within 1,000 feet of a school, N.J. Stat. Ann. § 2C:35-7.  (ECF No. 25-1 at 2-5).  Respondent submits that this statute is divisible because it expressly incorporates § 2C:35-5, which is a lesser included offense.  (ECF No. 25 at 4, citing *State v. Dillihay*, 601 A.2d 1149, 1153 (N.J. 1992)).  Because drug type is an element of § 2C:35-5, it is also an element of § 2C:35-7, rendering both statutes divisible by drug type.  (*Id.*, citing *United States v. Centeno*, 793 F.3d 378, 392 (3d Cir. 2015); *United States v. Smith*, 928 F.3d 714, 717 (8th Cir. 2019); *United States v. Watson*, 881 F.3d 782, 786 (9th Cir. 2018)).  N.J. Stat. Ann. § 2C:35-7 is also divisible, Respondent argues, because the sale of multiple drugs in a school zone constitutes separate offenses for each drug charged.  (*Id.* at 5, citing *e.g. Dillihay*, 601 A.2d at 1150 and N.J. Model Crim. Jury Charge 2C:35-7)).  Thus, the parties agree that the modified categorical approach governs whether Herd's prior convictions are predicate offenses under U.S.S.G. § 4B1.1.

Respondent submitted copies of four separate Indictments for each of Herd's prior controlled substance convictions.  (*Id.* at 6).  First, Herd pled guilty to Count 4 of Indictment #2009-08-2171, "possessing with intent to distribute a controlled dangerous substance, Heroin or its analog, while on school property . . . or within 1,000 feet of school property."  (ECF No. 25-4).  Herd admitted his possession of 72 bags of heroin, which he intended to sell, knowing there was a school around the corner.  (ECF No. 25-4 at 20-22).  Second, Herd was charged in Count 4 of Indictment #2010-01-0014, of "unlawfully possess[ing] a controlled dangerous substance, namely, Heroin, with intent to distribute same within 1000 feet of school property."  (ECF No. 25-2 at 10).  Herd pled guilty to Count 4, admitting that he possessed 32 bags of heroin that he intended to sell, knowing there was a school around the corner.  (ECF No. 25-4 at 22-23).  Third,

5

Herd was charged in Count 4 of Indictment #2012-06-1647, with "distribut[ing] a controlled dangerous substance, Heroin or its analog, to an undercover officer." (ECF No. 25-2 at 17). Based on this Indictment, Herd admitted selling 10 envelopes of heroin to an undercover agent on July 19, 2011, knowing it was heroin; and he admitted selling ten vials of cocaine to the same undercover officer on January 10, 2012, knowing the substance was cocaine and it was illegal to possess. (ECF No. 25-5 at 5-7). Fourth, Herd was charged in Count 2 of Indictment #2012-05-1344, with "possess[ing] or hav[ing] under his control with intent to distribute a controlled dangerous substance, Cocaine or its analog." (ECF 25-2 at 22). Herd pled guilty to Count Two, admitting that he possessed 56 vials of cocaine that he intended to sell, knowing it was cocaine and illegal to possess. (ECF 25-5 at 6-7).

Based on these documents and using the modified categorical approach, Respondent contends that all four of Herd's prior convictions are predicate offenses under U.S.S.G. § 4B1.1(a), because the offenses are punishable by imprisonment for a term exceeding one year, and the drugs involved, heroin and cocaine, are both controlled substances under federal and state law, creating a categorical match of the career offender definition of a controlled substance offense and Herd's prior state court convictions. (ECF No. 25 at 7-9). Moreover, Herd has not attempted to show that New Jersey defines heroin or cocaine more broadly than under federal law, and even if he had, these are novel arguments that counsel need not have raised to meet the Sixth Amendment constitutional standard for counsel's effective assistance. (ECF No. 25 at 8-10).

Finally, Respondent addresses Herd's claim that his convictions for possession with the intent to distribute are not predicate offenses because proof of intent is not required under the New Jersey statutes of conviction. (*Id.* at 10-11). New Jersey's Model Criminal Jury Instructions for

6

§§ 2C:35-5 and 2C:35-7 provide otherwise, clearly laying out how jurors might infer intent to distribute.  (*Id.*)

In his reply to Respondent's supplemental brief, Herd accuses the Government of prosecutorial misconduct for failing to initially provide this Court with the necessary *Shepard* documents to address his claims, and seeks release from prison.  (ECF No. 31).

### III.  DISCUSSION

For grounds two and three of his motion, Herd alleges ineffective assistance of trial and appellate counsel for failing to challenge his career offender status and failing to obtain *Shepard* documents for the sentencing court to determine whether his prior state court convictions were controlled substance offenses within the meaning of U.S.S.G. §§ 4B1.1 and 4B1.2(b).  (ECF No. 7 at 31-32).  The parties agree that the relevant state statutes are divisible, thus, the modified categorical approach applies to determine whether Herd's prior state court convictions are predicate offenses.  For the reasons discussed below, the *Shepard* documents support the sentencing court's finding that Herd's prior state court convictions are controlled substance offenses under § 4B1.2(b).  Therefore, even if counsel rendered ineffective assistance by failing to obtain the *Shepard* documents to challenge the application of the career offender enhancement at Herd's sentencing or appeal, Herd can not establish the prejudice prong of *Strickland* because he qualifies as a career offender and was sentenced as such.

**A.  Ineffective Assistance of Counsel Standard**

The Sixth Amendment requires constitutionally effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To state a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was unreasonable under prevailing

professional norms. *Id.* at 688. The petitioner must also establish that counsel's deficient performance was prejudicial to the defense. *Id.* at 691-92. Where a petitioner pled guilty and challenges counsel's performance at sentencing, the petitioner must demonstrate that but for counsel's ineffective assistance, he would have received a lower sentence. *United States v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005).

**B. Application of Career Offender Guideline: Grounds Two and Three**

The following analysis applies to grounds two and three of Herd's motion.

> a defendant qualifies for a career-offender enhancement under the Guidelines if he or she "has at least two prior felony convictions of ... a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is an offense that (1) is punishable by a term of imprisonment that exceeds one year and (2) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). A state conviction cannot qualify as a "controlled substance offense" if its elements are broader than those listed in § 4B1.2(b). *See Mathis v. United States*, ––– U.S. –––, 136 S.Ct. 2243, 2251, 195 L.Ed.2d 604 (2016) (holding, in the Armed Career Criminal Act ("ACCA") context, that "a state crime cannot qualify as ... [a] predicate if its elements are broader than those of a listed generic offense"); *see also United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) (applying *Mathis* to analysis of § 4B1.1).

*United States v. Glass*, 904 F.3d 319, 321–22 (3d Cir. 2018).

First, the prior statute[s] of conviction must be identified. *U.S. v. Ramos*, 892 F.3d 599, 607 (3d Cir. 2018) ("we must begin our categorical analysis by examining the text of [the] statute, . . . at the time of [the petitioner's guilty plea.]" Under the "categorical approach," courts must examine the text of the prior statutes of conviction. *Id.* at 608. "If it appears there is more than one offense described in the statute, courts must determine whether the statute is

8

divisible and requires analysis using the "modified categorical approach." *Id.*

> A determination of a statute's divisibility turns on the distinction between "means" and "elements." Elements are the constituent parts of a criminal offense that a jury must find beyond a reasonable doubt to convict; or, alternatively, that a defendant necessarily admits when pleading guilty. Means, on the other hand, are merely the factual ways that a criminal offense can be committed; they are "extraneous to the crime's legal requirements" and thus "need neither be found by a jury nor admitted by a defendant." A divisible statute sets out one or more elements in the alternative, most often using disjunctive language to list multiple, alternative criminal offenses. Each alternative offense listed in a divisible statute must be proven beyond a reasonable doubt to sustain a conviction. An indivisible statute, by comparison, sets forth a single set of elements that define a single crime, regardless of whether the statute lists separate factual means of satisfying a particular element. The modified categorical approach applies only to divisible statutes.

*Ramos*, 892 F.3d at 608–09. If the statute is divisible because it criminalizes different conduct by setting forth different elements that must be proven beyond a reasonable doubt, the modified categorical approach must be employed by "consult[ing] certain extra-statutory materials for the limited purpose of identifying the offense of conviction." *Id.* at 609. "These materials must establish the offense of conviction with 'certainty.'" *Id.* at 610 (quoting *United States v. Henderson*, 841 F.3d 623, 631-32 (3d Cir. 2016) (citing *Mathis*, 136 S. Ct. at 2257)). Once the offense of conviction has been established by looking at underlying records such as the charging and plea documents, courts must examine the elements of the offense to determine whether it categorically qualifies as a predicate offense. *Id.* at 610. This requires determination of whether the offense conduct is a categorical match to the definition of the predicate offense. *Id.* For categorical comparison, the predicate "controlled substance offense" is defined in U.S.S.G. § 4B1.2(b):

9

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

**1. N.J. Stat. Ann. §§ 2C:35-5 and 2C:35-7 are divisible**

The relevant *Shepard* documents from Herd's prior state court convictions establish that he has two convictions under N.J. Stat. Ann. § 2C:35-5, and two convictions under § 2C:35-7. Section 2C:35-5(a) provides, in relevant part, "it shall be unlawful for any person knowingly or purposely: (1) To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog…." Subsections b(1)-(14) of the statute set out different penalties for different types of drugs and drug amounts. For instance, subsection 13 refers to "[a]ny other controlled dangerous substance classified in Schedule I, II, III or IV, or its analog," and subsection 14 refers to "[a]ny Schedule V substance, or its analog."

Applicable here,

> where a controlled substances statute can be violated by possession of different types of drugs and the length of the sentence is affected by the specific drug in possession, the court should consider whether the defendant was convicted of possessing a substance that federal law also prohibits to determine whether the prior conviction is a predicate offense.

*United States v. Powell*, 774 F. App'x 728, 732 (3d Cir. 2019) (citing *United States v. Abbott*, 748 F.3d 154, 159 (3d Cir. 2014) (citing *Alleyne v. United States*, 570 U.S. 99 (2013)). In other words, "[i]f statutory alternatives carry different punishments, then ... they must be elements[,]" making the statute divisible. *Mathis*, 579 U.S. at 518 (citations omitted).

10

Section 2C:35-5 is divisible by drug type and establishes separate offenses and penalties based on drug type and amount. *United States v. Aviles*, 938 F.3d 503, 513 (3d Cir. 2019) (citing *Henderson*, 841 F.3d at 630) (holding that an alternative list of substances in a statute provides separate elements where the statute provides different maximum sentences for violators); *see e.g., United States v. Jackson*, No. CR 21-38-LPS, 2022 WL 684629, at *5 (D. Del. Mar. 8, 2022) (finding similar Delaware controlled substance statute is divisible by drug type). Thus, the modified categorical approach is necessary to determine whether Herd's prior convictions under this statute are a categorical match to the definition of a controlled substance offense in U.S.S.G. § 4B1.2(b).

Herd also has two prior convictions under Section 2C:35-7, which incorporates § 2C:35-5 and imposes greater penalties when the distribution, dispensation or possession of a controlled dangerous substance or a controlled substance analog occurs on or within 1,000 feet of school property or school bus. Section 2C:35-5 is a lesser included offense of § 2C:35-7; as such, both statutes are divisible. *State v. Dillihay*, 127 N.J. 42, 52, 601 A.2d 1149, 1153 (1992) ("Section 5 would be an offense 'included' within Section 7, because it is established by proof of the same facts as a Section 7 offense")  Moreover, the New Jersey Superior Court, Appellate Division has found that possession with intent to distribute different drug types near school property involves separate offenses. *State v. Parrish*, No. A-3343-12T4, 2014 WL 8664922, at *6 (N.J. Super. Ct. App. Div. Apr. 24, 2015) (citing *Gonzalez*, 123 N.J. at 464 (Section 5 third or fourth degree offenses merge into Section 7 school zone convictions); *Dillihay*, 127 N.J. at 45 (Section 7 school zone offenses merge into Section 5 first or second degree offense.))  Thus, the modified categorical approach is necessary to determine whether Herd's prior convictions under this

statute are categorical matches to the definition of controlled substance offenses in U.S.S.G. § 4B1.2(b).

**2. Herd's prior state court convictions are categorical matches to U.S.S.G. § 4B1.2(b).**

The *Shepard* documents submitted by Respondent establish that Herd was convicted of the following: Indictment #2009-08-2171, possession with intent to distribute heroin or its analog within 1,000 feet of school property on March 4, 2009; Indictment #2010-01-0014, possession with intent to distribute heroin or its analog within 1,000 feet of school property on October 29, 2009; Indictment #2012-06-1647, distribution of heroin or its analog to an undercover officer on July 19, 2011, and distribution of cocaine to an undercover officer on January 10, 2012; and Indictment #2012-05-1344, possession with intent to distribute cocaine or its analog on March 2, 2012. (ECF No. 25-4 at 20-23; ECF No. 25-5 at 4-7).

U.S.S.G. § 4B1.2(b) provides:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

Each of Herd's four prior state court convictions are punishable by a term of imprisonment exceeding one year, and involved possession with intent to distribute either heroin or cocaine. Heroin and cocaine are controlled substances under federal law and New Jersey law. 21 U.S.C. § 812 Schedule I (b)(10) (heroin); *id.*, Schedule II (a)(4) (cocaine); N.J. Stat. Ann. § 24:21-5. Schedule I (d)(11) (heroin), N.J. Stat. Ann. § 24:21-6. Schedule II (c)(4) (cocaine). Furthermore, contrary to Herd's assertion, Sections 2C:35-5 and 2C:35-7 require the state to prove intent to

12

distribute beyond a reasonable doubt. *State v. Rodriguez*, 245 A.3d 598, 626 (N.J. Super. Ct. App. Div.), *leave to appeal denied*, 247 N.J. 234, 253 A.3d 1170 (2021) (under N.J. Stat. Ann. § 2C35:5, intent to distribute "may be gathered from a person's acts, conduct, from all the person said and did at the particular time and place, and from all of the surrounding circumstances…."); *Rosa v. Att'y Gen. United States*, 950 F.3d 67, 82 (3d Cir. 2020) ("there is a separate set of instructions" under N.J. Stat. Ann. 2C:35-7, "for possession with the intent to distribute on school property, which may indicate that the conduct consists of different elements that the jury must find beyond a reasonable doubt.") Herd, therefore, was not prejudiced by counsel's failure to discover *Shepard* documents prior to sentencing or on direct appeal, because the *Shepard* documents do not support Herd's claim that his four prior state court convictions are not a categorical match to the definition of controlled substance offense in U.S.S.G. § 4B1.2(b).

Liberally construing his reply brief, Petitioner seeks relief for prosecutorial misconduct based on the Government's failure to produce *Shepard* documents at the time of sentencing and/or in the original answer to his § 2255 motion. (ECF No. 31). Even if this claim was properly raised in an amended § 2255 motion, the claim would fail because the *Shepard* documents establish that Petitioner was properly sentenced as a career offender; thus, earlier production of the documents would not have resulted in a lower sentence. *See e.g., United States v. Savage*, 970 F.3d 217, 298 (3d Cir. 2020), *cert. denied*, 142 S. Ct. 481 (2021) (applying harmless error standard to claim of prosecutorial misconduct at sentencing phase of trial).

## IV. CERTIFICATE OF APPEALABIILTY

The petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding, pursuant to 28 U.S.C. § 2253(c), unless he makes "a substantial showing of the denial

13

of a constitutional right." *Slack v. Daniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented … are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Because jurists of reason could not disagree with this Court's conclusion that Herd's ineffective assistance of counsel claims are without merit, Herd has failed to make a substantial showing of the denial of a constitutional right, and no certificate of appealability shall issue.

## V. CONCLUSION

For the reasons stated above, grounds two and three of Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 are **DENIED,** and this Court will deny a certificate of appealability.

An appropriate order follows.

Date: <u>November 1</u>, 2022

                                                                   Hon. Susan D. Wigenton,
                                                                   United States District Judge